Luis Enrique **QUEVEDO;**
et al., Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70473.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Arielle N. Bases, Esq., Bases & Bases, Encino, CA, for Petitioners.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Luis Enrique Quevedo ("petitioner"), and his three children, Monica Del Pilar

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Quevedo, Natali Quevedo, and Luis Enrique Quevedo, Jr., all natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for asylum and withholding of deportation. We review the IJ's decision for substantial evidence and may reverse only if the evidence compels such a result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's finding that petitioners failed to establish past persecution or a well-founded fear of future persecution based on an enumerated ground. Because petitioner was the subject of a criminal investigation regarding the operation of his import business, and was subpoenaed and given an opportunity to appear with his defense attorney and defend himself, and there is no evidence that petitioner was ever questioned on account of an enumerated ground, petitioner fails to establish eligibility for asylum. *See id.*

Because petitioners failed to establish eligibility for asylum, it follows that they failed to establish eligibility for withholding of deportation. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Finally, petitioners contend that the BIA erred by not considering "new evidence" which they provided with their brief to the BIA. Because this evidence would not have altered the BIA's determination, this contention lacks merit.

**PETITION FOR REVIEW DENIED.**